IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : CHAPTER 7 |
| | : |
| JUANITA E. HOLIDAY | : |
| DEBTOR | : BKY. NO. 08-14580SR |

---

| | |
|---|---|
| TERRY P. DERSHAW, TRUSTEE | : |
| PLAINTIFF | : |
| v. | : |
| DONNA HOLIDAY | : |
| DEFENDANT | : ADV. NO. 08-322 |

## ORDER

AND, NOW this 14th day of Jan, 2009, upon consideration of the Plaintiff's Request for Entry of Default Judgment and for good cause showing, it is

ORDERED that the Complaint of the Trustee for Authority to Sell the Interest of Donna Holiday in Real Property is GRANTED against Defendant Donna Holiday ("Holiday"); and it is further

ORDERED that:

1. The Trustee shall have the right to enter into a Contract for the sale of the Real Property located at 107 Roxborough Avenue, Philadelphia, Pennsylvania ("Property") pursuant to 11 U.S.C. §363 and, subject to approval of such Contract by the Court upon Motion and Notice, to convey the right, title and interest of the Debtor, Holiday, and this Estate in and to the Property to the approved purchaser(s).

2. Holiday shall cooperate with the Trustee, his agents, and realtors in the sale of the Property and, upon sale and request of the Trustee, shall execute any and all documents necessary to transfer her right and interest in the subject real estate to a Court approved buyer.

PH2 932593v3 01/06/09

3. The Trustee shall serve a copy of the Notice of Sale on Holiday when filed with the Court.

4. Any personal property left on or about the Property shall be deemed abandoned by Holiday and may be included in the sale or disposed of by the Trustee in any manner he deems appropriate.

5. At closing, the Trustee and Holiday shall share equally in the net proceeds of sale. Net proceeds shall be determined by deducting from the gross proceeds of sale the amount necessary to satisfy all joint claims secured by a lien encumbering the Property, all Costs of Sale (as hereinafter defined), any amounts customarily paid by a seller of residential real estate, and any other amount approved by the Court, but subject to 11 U.S.C. §724(b).

6. Any non-joint claims secured by a lien encumbering the Property shall be paid from the 50% share allocable to the party responsible for such claim.

7. As used in this Order, "Costs of Sale" means all costs of sale incurred by the Trustee to sell the Property, included but not limited to, real estate commissions, closing fees, water charges and any taxes or recordation fees associated with the sale that are paid by the seller.

BY THE COURT:

_____
STEPHEN RASLAVICH
CHIEF U.S. BANKRUPTCY JUDGE

cc: See attached.

PH2 932593v3 01/06/09

Edward J. DiDonato, Esquire
Fox Rothschild LLP
2000 Market Street - Tenth Floor
Philadelphia, PA 19103

Terry P. Dershaw, Esquire, Trustee
P.O. Box 556
Warminster, PA 18974-0632

Ms. Donna Holiday
242 Derwood Drive
Woodlyn, PA 19094-1914

Ms. Juanita Holiday
920 E. Stafford Street
Philadelphia, PA 19138

John G. Gray, Esquire
P.O. Box 339
Lima, PA 19037

PH2 932593v3 01/06/09